UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
   UBER, INC.,

          *Plaintiff*,

   -against-

            Index No.: 1:20-cv-02320-PKC

   UBER TECHNOLOGIES, INC. and ADOMNI, INC.,

         *Defendants*.

-----------------------------------------------------------------x

## STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER

     WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

     WHEREAS, the Parties, through counsel, agree to the following terms; and

     WHEREAS, this Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

     IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

     1.       With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order (collectively, "Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

     2.       The person producing any given Discovery Material (each, a "Producing Party") may designate as Confidential such non-public material the public disclosure of which is either restricted by law or the Producing Party reasonably believes in good faith will cause harm to the business, commercial, financial or personal interests of the Producing Party and/or a third party to whom a duty of confidentiality is owed.

3. The Producing Party may designate Discovery Material as "Attorneys' Eyes Only" if the Producing Party believes in good faith that the Discovery Material's significance to the competitive strategy and operations of the Producing Party is such that its disclosure could result in harm to the Producing Party and/or harm to competition.

4. The Producing Party or its counsel may designate a document as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking the document as "Confidential" or "Attorneys' Eyes Only" in a manner that will not interfere with legibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material by (a) indicating on the record during the deposition that a question calls for Confidential or Attorneys' Eyes Only information in which case the reporter will designate that the transcript of the designated testimony contains "Confidential Information Governed by Protective Order;" (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or exhibits that are to be designated "Confidential" or "Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control as directed by the producing party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential unless otherwise noted.

6. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without a Confidential or Attorneys' Eyes Only designation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Attorneys' Eyes Only. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within five business days of providing such notice.

7. Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    a) the Parties to this action, their insurers, and counsel to their insurers;

    b) in-house counsel for the parties, outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such counsel uses and/or employs and assigns to this matter;

    c) outside vendors or service providers (such as copy-service providers and document-management consultants, or other litigation support service

providers) that counsel hire and assign to this matter;

d) any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto or is subject to an appropriate order of the Court which would allow such disclosure should the witness refuse to execute a Non-Disclosure Agreement;

g) any person a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

h) stenographers engaged to transcribe depositions the parties conduct in this action; and

i) this Court, any appellate court, and their interns, support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the persons in categories 8(b)- 8(e) and 8(g) – 8(i) listed above, as well as the Parties' insurers and counsel for their insurers. In addition, Discovery Material that has been designated as Attorneys' Eyes Only may be disclosed to witnesses in this action during their depositions, if such witnesses are employees of the Producing Party or were employees of the Producing Party at the time the exhibit designated as Attorneys' Eyes Only was created. If the witness is not a current or former employee of the Producing Party as described above, the party wishing to make such disclosure shall give at least seven (7) days' advance notice in writing to counsel for the Producing Party, stating the names of witness(es) to whom the disclosure will be made, identifying with particularity the documents and information to be disclosed, and the stating the purposes of such disclosure. If, within the 7 day period, written notice of objection to the proposed disclosure is provided to the party wishing to make such disclosure, disclosure is not permissible without leave of Court. No disclosure of Attorneys' Eyes Only material may be made to witnesses under this para. 9 unless the witness first executes a Non-Disclosure Agreement in the form annexed as Exhibit A hereto or is subject to an appropriate order of the Court which would allow such disclosure should the witness refuse to execute a Non-Disclosure Agreement.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel, unless the Court directs otherwise, must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the

3

form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

      11. The designation of any material or document as "Confidential" or "Attorneys' Eyes Only" is subject to challenge by any party. A party challenging the designation of Confidential Discovery Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days. After having conferred with the designating party, the party that elects to challenge a confidentiality designation may file and serve a letter motion that identifies the challenged material and sets forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties shall continue to treat the materials as "Confidential" or "Attorneys' Eyes Only," as appropriate, under the terms of this Order.

      12. This Order binds the Parties and certain others to treat as Confidential or Attorneys' Eyes Only any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Attorneys' Eyes Only hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only.

      13. The parties shall at all times comply with Rule 5 of the Court's Individual Practices, as amended on February 3, 2020, concerning proposed redactions. Motions or letter motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the Court's Standing Order, 19-mc-00583, and ECF Rules & Instructions, section 6. Specifically, the following procedures must be followed:

    a) The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

    b) The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

c) Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing Party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

d) Any Party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

14. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a Party seeking to file an opposing Party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the Party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the Party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. This Order shall survive the termination of the litigation and shall continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed. Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing person, or, upon the permission of the producing persons, destroyed.

18. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to issue appropriate orders, enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| | | | |
|---|---|---|---|
| | **LEICHTMAN LAW PLLC** | | **JENNER & BLOCK LLP** |
| By: | /s/ David Leichtman | By: | /s/ Gianni P. Servodidio |

By: */s/ David Leichtman*
David Leichtman
Tatsuya Adachi
228 East 45th Street, Suite 605
New York, New York 10017
(212) 419-5210
dleichtman@leichtmanlaw.com
tadachi@leichtmanlaw.com

**TZIMOPOULOS LAW, P.C.**

George Tzimopoulos
5 Penn Plaza, 19th Floor
New York, New York 10001
Tel: (646) 733-4000
George@Tzimopouloslaw.com

**MAVRONICOLAS LAW GROUP PLLC**

Gregori D. Mavronicolas
228 East 45th Street, Suite 605
New York, New York 10017
Tel: (646) 484-9569
gmavronicolas@mavrolaw.com

*Attorneys for Plaintiff Uber, Inc.*

**JENNER & BLOCK LLP**

By: */s/ Gianni P. Servodidio*
Gianni P. Servodidio
Jeremy M. Creelan
Rémi J.D. Jaffré
919 Third Avenue, 39th Floor
New York, NY 10022
(212)-891-1600
gps@jenner.com
jcreelan@jenner.com
rjaffre@jenner.com

*Attorneys for Defendant Uber Technologies, Inc.*

**COWAN, LIEBOWITZ & LATMAN, P.C.**

By: */s/ Richard S. Mandel*
Richard S. Mandel
14 West 47th Street
New York, NY 10036
(212) 790-9291
rsm@cll.com

*Attorneys for Defendant Adomni, Inc.*

**SO ORDERED** this 11th day of May, 2021.

_____
Hon. P. Kevin Castel